UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UBS FINANCIAL SERVICES, INC.                CIVIL ACTION

VERSUS                                      NO: 07-2673

FRANK BOVA, III, ET AL.                     SECTION: "A" (4)

### ORDER AND REASONS

Before the Court are a **Motion to Confirm Arbitration Award (Rec. Doc. 1)** filed by plaintiff UBS Financial Services, Inc. and a **Cross Motion to Vacate Arbitration Award (Rec. Doc. 7)** filed by defendants Frank Bova, III, David J. Davis, the David John Davis IRA, Wilda W. Davis, the Wilda W. Davis IRA, Ronald B. Foster, and Linda F. Foster.  The motions, set for hearing on July 25, 2007, are before the Court on the briefs without oral argument. For the reasons that follow Plaintiff's motion to confirm the award is GRANTED and Defendants' motion to vacate the award is DENIED.

**I.   BACKGROUND**

Defendants Frank Bova, III, David J. Davis, the David John

Davis IRA, Wilda W. Davis, the Wilda W. Davis IRA, Ronald B. Foster, and Linda F. Foster ("Defendants") filed a statement of claim against UBS Financial Services, Inc. ("UBS"), a NASD-registered broker/dealer, claiming that UBS had injured them by attempting a forced sale of a 1,300,000 block of NetGuru stock in the October/November 2000 time frame.  Defendants had securities brokerage accounts with UBS and each defendant owned various amounts of the NetGuru stock.  Sometime prior to October 11, 2002, the Pegasus Fund opened a brokerage account with UBS.  The fund was managed by an employee of UBS.  Sometime prior to October 10, 2000, the Pegasus Fund account began operating as a margin account.  On October 11, 2000, UBS began selling off the NetGuru stock from the Pegasus Fund due to a potential margin shortfall.  The price of NetGuru stock then plummeted.

In the statement of claim Defendants, who have no interest in the Pegasus Fund, claimed that the Pegasus Fund Partnership Agreement did not authorize the use of margins.  Defendants claimed that UBS breached a duty owed to them by using margins in the Pegasus Fund and by offering the 1,300,000 block of NetGuru shares for sale on the open market--all to their detriment.

In response to the statement of claim UBS filed a motion to dismiss arguing that most of the claims were either ineligible for submission to arbitration or barred by prescription and

further that the claims were without merit.  Following full briefing and oral argument the panel's award granted UBS's motion to dismiss all claims with prejudice.  Defendants contend that during the hearing they made an oral motion that they be allowed to amend their statement of claim to cure any pleading deficiencies should the panel be inclined to dismiss any of the claims.

UBS filed the instant motion to confirm the award arguing that none of the grounds for vacatur under the Federal Arbitration Act exist in this case.  Defendants then sought reconsideration from the panel which was denied.  Defendants now move to vacate the award arguing that the arbitrators were guilty of misconduct and manifest disregard of the law in refusing to allow Defendants to amend their claim.

**II.  <u>DISCUSSION</u>**

Defendants contend that the arbitrators were guilty of misconduct and/or manifestly disregarding the law by refusing to allow them to amend their statement of claim.  Defendants claim that by attaching their proposed amendments to the motion for reconsideration they demonstrated that they could state viable claims against UBS.

Judicial review of an arbitration award is "exceedingly deferential."  <u>American Laser Vision, PA v. Laser Vision Inst.,</u>

3

LLC, 487 F.3d 255, 258 (5th Cir. 2007) (quoting Kergosien v. Ocean Energy, Inc., 390 F.3d 346, 352 (5th Cir. 2004)).  Vacatur of an arbitration award is permissible only on very narrow grounds.  Brabham v. A.G. Edwards & Sons Inc., 376 F.3d 377, 380 (5th Cir. 2004) (citing Glover v. IBP, Inc., 334 F.3d 471, 473-74 (5th Cir. 2003)).  Pursuant to § 10 of the Federal Arbitration Act ("FAA"), the statutory grounds for vacatur include situations where 1) the award was procured by corruption, fraud, or undue means, 2) there was evident partiality or corruption in the arbitrators, or either of them, 3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced, or 4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.  Brabham, 376 F.3d at 380-81 (quoting 9 U.S.C.A. § 10(a) (West Supp. 2004)).  Additionally, in this circuit manifest disregard of the law is an accepted non-statutory ground for vacatur.  Id. at 381.

Federal courts must defer to the arbitrator's decision when possible.  American Laser Vision, 487 F.3d at 258 (quoting Antwine v. Prudential Bache Sec., Inc., 899 F.2d 410, 413 (5th

4

Cir. 1990)).  The failure of the arbitrator to correctly apply the law is not a basis for setting aside an award.  Id. (quoting Kergosien, 390 F.3d at 356).

To constitute "misconduct" requiring vacatur of the arbitrator's award an error in the arbitrator's determination must be one that is not simply an error of law but which so affects the rights of a party that it may be said that he was deprived of a fair hearing.  Laws v. Morgan Stanley Dean Witter, 452 F.3d 398, 399 (5th Cir. 2006) (quoting El Dorado Sch. Dist. No. 15 v. Continental Cas. Co., 247 F.3d 843, 848 (8th Cir. 2001)).  Vacatur based on manifest disregard of the law is extremely narrow and requires "more than error or misunderstanding with respect to the law."  American Laser Vision, 487 F.3d at 259 (quoting Prestige Ford v. Ford Dealer Computer Servs., Inc., 324 F.3d 391, 395-96 (5th Cir. 2003)).  "The error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator."  Id.  Manifest disregard of the law requires a showing that the arbitrator appreciated the existence of a clearly governing principle of law but simply chose to ignore it.  Id.  Once a manifest disregard is established relief will only be granted where enforcement of the award would result in "significant injustice."  Id. (quoting Kergosien, 390 F.3d at

5

355).

Defendants have demonstrated neither misconduct on the part of the arbitrators nor manifest disregard of the law in concluding that Defendants' claims were subject to dismissal with prejudice. The timeliness problem is readily apparent from the allegations contained in the statement of claim. Defendants had a full opportunity to be heard on the motion to dismiss. Although the panel concluded that it had no jurisdiction to consider the motion for reconsideration the panel indicated that it would have denied it nonetheless. Defendants did not simply challenge the timeliness of the claims but also mounted a very convincing challenge to the merits of the claims. Thus, even assuming that Defendants' amendments could have cured the timeliness problem, the arbitrators would not have been guilty of misconduct or manifest disregard of the law by dismissing the claims on the merits, amendments notwithstanding.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Confirm Arbitration Award (Rec. Doc. 1)** filed by plaintiff UBS Financial Services, Inc. is **GRANTED**;

**IT IS FURTHER ORDERED** that the **Cross Motion to Vacate Arbitration Award (Rec. Doc. 7)** filed by defendants Frank Bova, III, David J. Davis, the David John Davis IRA, Wilda W. Davis,

the Wilda W. Davis IRA, Ronald B. Foster, and Linda F. Foster is **DENIED**.

October 4, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE